Matthew C. Bradford, Esq. (SBN 196798)
**ROBINSON BRADFORD LLP**
43471 Ridge Park Drive, Suite C
Temecula, California  92590
Telephone:	(209) 954-9001
Facsimile:	(209) 954-9091
matthew@robinsonbradford.net

Attorneys for Plaintiffs, Marlon Romero
and Angelica Romero

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON ROMERO and ANGELICA ROMERO,<br><br>           Plaintiffs,<br><br>     vs.<br><br>THE HOME DEPOT, INC.<br><br>           Defendant. | Case No.:   5:19 CV 01278<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br>1. Violation of 47 USC 227 b(3)(B)<br>2. Violation of 47 USC 227 b(3)(B) & (C)<br>3. Violation of 15 USC 1692<br>4. Violation of Cal. Civ. Code 1788 et. seq.<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Marlon Romero and Angelica Romero allege the following upon information and belief and based upon personal knowledge:

## NATURE OF THE CASE

1.	Plaintiffs bring this action seeking damages and all other available legal or equitable remedies resulting from the illegal actions of THE HOME DEPOT, INC. ("Home Depot") in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. §227 et seq.* ("TCPA"), thereby invading Plaintiffs' privacy and in violation of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collections Practices Act.

## JURISDICTION AND VENUE

2.  This Court has federal question jurisdiction under 28 U.S.C. section 1331 because this case arises out of violations of federal law.  Specifically, Defendant has repeatedly violated 47 U.S.C. section and 227 15 U.S.C. 1692 as is more thoroughly described below.

3.  Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. section 1391(b) because Defendant does business within the State of California and a substantial part of the events that gave rise to this action took place in Riverside County in the city of Murrieta.

## PARTIES

4.  Plaintiffs are natural persons residing in California and are "persons" as defined by 47 U.S.C. section 153(39).

5.  THE HOME DEPOT, INC. ("Home Depot") is a "person" as defined by 47 U.S.C. section 153(39). The above-named Defendant, and its subsidiaries and agents, is collectively referred to as "Defendant."

## BACKGROUND ALLEGATIONS

### The Telephone Consumer Protection Act of 1991 (TCPA) 47 U.S.C. § 227

6.  In response to a number of consumer complaints regarding telemarketing practices, the Congress of the United States enacted the Telephone Consumer Protection Act (47 U.S.C. §227, et seq.)

7.  Among other things, the TCPA regulates the use of automated telephone equipment, also known as "robocallers" with regard to the calling of wireless or cellular telephones.  More specifically, 227(b)(1)(A)(iii) prohibits the robocalling of any cellular or wireless telephone except for emergency purposes or except where the called party has given express consent.

8. The Federal Communications Commission found that such calls are prohibited because, as Congress found, automated or pre-recorded calls are a greater nuisance and invasion of privacy than live solicitation calls.  Moreover, such calls can be inconvenient and costly because wireless customers may be charged for incoming calls.

### Home Depot's Practice of Robocalling the Romeros on Their Cell Phones

9. Plaintiff, Angelica Romero, opened a credit account with Defendant.  Beginning on or around April 2017, Home Depot contacted Ms. Romero on her cellular telephone in an attempt to collect an alleged outstanding debt owed by Plaintiff.  Later, Home Depot began a practice of also calling Plaintiff, Marlon Romero, on his cell phone with regard to the same account.

10. Home Depot placed hundreds of calls to the Romeros on their cell phones beginning in April 2017.

11. Home Depot used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1), to place its calls to the Romeros seeking to collect the debt allegedly owed by Ms. Romero.

12. Home Depot's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(a).

13. According to information and belief, Home Depot never received the Romeros "prior express consent" to call them on their cell phones using an automatic telephone dialing system or an artificial or prerecorded voice on their cellular telephone pursuant to 47 U.S.C. §227(b)(1)(A). If the Romeros did unwittingly give Home Depot "express consent", they revoked said consent" first orally and then by sending Home Depot a "Cease and Desist" letter in October 2017.

14. Despite, orally revoking consent and sending a cease and desist letter, Home Depo continued to call the Romeros on their cell phones using an autodialer or a prerecorded voice message or both.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

15. The Romeros repeat and incorporate by reference into this cause of action the allegations set forth above at paragraphs 1-14.

16. The foregoing acts and omissions of Home Depot constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. section 227 et. seq. Pursuant to 47 U.S.C. section 227(b)(3)(B), Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation.

17. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

18. The Romeros repeat and incorporate by reference into this cause of action the allegations set forth above at paragraphs 1-14.

19. The foregoing acts and omissions of Home Depot constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. section 227 et seq.

20. As a result of Home Depot knowing and/or willful violations of 47 U.S.C. §227 et seq., The Romeros are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

21. The Romeros are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

### Violation of the FDCPA

22. The Romeros repeat and incorporate by reference into this cause of action the allegations set forth above at paragraphs 1-14.

23. At all times relevant, Defendants were companies engaged in the business of collecting a debt by the use of mail and telephone from Plaintiffs.  Defendants were "debt collectors" seeking to collect a "debt" from Plaintiffs who are "consumers" as the terms are defined within the FDCPA.

24. In engaging in the practices more thoroughly described above, Defendants violated the provisions of the FDCPA designed to protect consumers from harassment including but not limited to under 15 U.S.C. 1692(d).

25. Defendants' conduct was undertaken in a knowing and willful manner warranting an award of actual and statutory damages, costs and attorney's fees.

### FOURTH CAUSE OF ACTION

### Violation of the RFDCPA

26. The Romeros repeat and incorporate by reference into this cause of action the allegations set forth above at paragraphs 1-14.

27. At all times relevant, Defendants were companies engaged in the business of collecting a debt by the use of mail and telephone from Plaintiffs. Defendants were "debt collectors" seeking to collect a "consumer debt" from Plaintiffs who are "persons" as the terms are defined within the RFDCPA.

28. In engaging in the practices more thoroughly described above, Defendants violated the provisions of the RFDCPA designed to protect consumers from harassment including but not limited to Cal. Civ. Code §1788.10 et. seq.

29. Defendants' conduct was undertaken in a knowing and willful manner warranting an award of actual and statutory damages, costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, the Romeros request judgment against Home Depot for the following:

### FIRST CAUSE OF ACTION

1. As a result of Home Depot's negligent violations of 47 U.S.C. section 227(b)(1), the Romeros are entitled to and request the sum of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

2. An injunction directing Home Depot to cease calling the Romero's cellular telephone numbers using any automatic telephone dialing system as defined by 47 U.S.C. section 227(a)(1).

3. Any and all relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

1. As a result of Home Depot's willful and/or knowing violations of 47 U.S.C. section 227(b)(1), the Romeros are entitled to and request treble damages, as provided by statute,

up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

2. An injunction directing Home Depot to cease calling the Romeros cellular telephone numbers using any automatic telephone dialing system as defined by 47 U.S.C. section 227(a)(1).

3. Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

1. As a result of Defendants' willful and/or knowing violations of 15 U.S.C. section 1692 et seq the Romeros are entitled to and request damages, as provided by statute.

2. Award of reasonable attorney's fees.

3. Any and all other relief that the Court deems just and proper.

### FOURTH CAUSE OF ACTION

1. As a result of Defendants' willful and/or knowing violations of California Civil Code section 1788 et seq the Romeros are entitled to and request damages, as provided by statute.

2. Award of reasonable attorney's fees.

3. Any and all other relief that the Court deems just and proper.

Dated this Thursday, July 11, 2019.

        **ROBINSON BRADFORD LLP**

        By:    /S/Matthew C. Bradford, Esq.
                Matthew C. Bradford, Esq.
        **ROBINSON BRADFORD LLP**
        Attorneys for Plaintiffs, Marlon and Angelica Romero

# JURY TRIAL DEMAND

Plaintiff Angelica Romero hereby requests a jury trial on the claims of the complaint.

Dated Thursday, July 11, 2019.

          **ROBINSON BRADFORD LLP**

By:   /S/Matthew C. Bradford, Esq.
        Matthew C. Bradford, Esq.
        **ROBINSON BRADFORD LLP**
        Attorneys for Plaintiffs,